**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

ARTHUR BERNARD HAYES,     :
AIS 113813,
                          :
    Petitioner,
                          :
vs.                                    CA 09-0166-CG-C
                          :
DAVID WISE,
                          :
    Respondent.

**REPORT AND RECOMMENDATION**

Arthur Bernard Hayes, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  To the extent the present attack is upon petitioner's underlying 1976 first-degree murder conviction, it is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d), or, alternatively, that same be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A). To the extent, however, the

petition can be read as an attack on the revocation of petitioner's parole, the undersigned recommends that this case be dismissed without prejudice to allow Hayes to exhaust his state court remedies.[1]

## FINDINGS OF FACT

1.    On January 8, 1976, petitioner was convicted of first-degree murder in the Circuit Court of Mobile County, Alabama and sentenced to a

---

[1] The undersigned again informs petitioner that to the extent he is challenging the actual conditions of his confinement in the Mobile County Metro Jail (*see, e.g.,* Doc. 1, at 16 ("On about November 16, 2006 I was arrested and charged with 'Assault' and imprisoned in the Mobile County Metro Jail Mobile, Alabama under conditions which violated Due Process, Equal Protection (and cruel punishment) and those violations were brought, with no avail, to the attention/record of the Courts, various judges, and relevant City and County officials[.]"), habeas corpus provides no relief; instead, he must file a civil rights action under 42 U.S.C. § 1983. *See, e.g., Hernandez v. Florida Department of Corrections*, 281 Fed.Appx. 862, 865 (11th Cir. 2008) ("In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a person acting under color of state law; (2) deprived him of a right secured by the Constitution. The Eighth Amendment forbids punishments that are cruel and unusual in light of contemporary standards of decency. Accordingly, the Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive in prison. '[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care,' and must 'protect prisoners from violence at the hands of other prisoners.'") (internal citations omitted); *Hamm v. DeKalb County*, 774 F.2d 1567, 1570 & 1571 (11th Cir. 1985) ("Hamm filed this action against the County alleging that his constitutional rights had been violated as a result of the totality of the conditions at the County jail, including the overcrowding, the unsanitary manner in which the food was served, and the inadequacy of the medical care he received. He filed the suit pro se and in forma pauperis and sought damages under 42 U.S.C. § 1983. . . . Although the Constitution does not and the court cannot dictate the general conditions that should exist in jails and prisons, the Constitution does require conditions of confinement imposed by states to meet certain minimum standards. The eighth and fourteenth amendments set limits on the treatment and conditions that states may impose on prisoners. Therefore, while a court must not substitute its views for those of legislators and jail administrators and it must limit its inquiry to the issue of whether conditions of confinement violate a prohibition of the Constitution, 'it is [the court's] duty, when jurisdiction is properly invoked, to protect prisoners' rights.'") (internal citations omitted), *cert. denied*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986).

term of life imprisonment. (*Compare* Doc. 1, at 14 *with* Doc. 6, at ¶ 1)

2.  Petitioner filed a direct appeal with the Alabama Court of Criminal Appeals; that court affirmed his conviction and sentence by written opinion entered on October 19, 1976. *Hayes v. State*, 340 So.2d 1142 (1976).

> The appellant raises only one issue on appeal, and it does not concern the facts in the case. After the State and defense had rested and made their closing arguments, the defendant moved to dismiss his attorney. The appellant made various statements in the presence of the jury which might have had a tendency to prejudice him in the eyes of the jury. The trial judge denied the appellant's motion, and he also denied the appellant's motion for a mistrial.
>
> The appellant's attorney[,] out of the presence of the jury[,] stated to the court that the dispute arose from his decision not to allow the appellant to testify. He stated that the decision had been discussed and made months before trial and that the appellant had not objected until immediately before the trial judge was to give the oral charge. Counsel based his decision upon the fact that the appellant had previously been convicted of a crime involving moral turpitude, i.e., selling narcotics, and had served time in the penitentiary. Counsel and appellant's father believed appellant would be impeached with such and it would severely prejudice him with the jury.
>
> The trial judge was very complimentary of appellant's counsel's performance at trial, and the record discloses that appellant's counsel performed his task adequately. The trial judge also instructed the jury to ignore the appellant's outbursts, and he was assured they would do as instructed.

I

> It is within the trial court's [s]ound discretion to refuse to allow a defendant to dismiss his attorney after the trial has commenced. Such a rule is especially efficacious in the present case where the trial was, with the exceptions of the jury charge, complete. A contrary rule would allow a defendant to postpone a decision and sentence indefinitely.
>
> The appellant, with the knowledge that he would not be allowed to testify, had ample opportunity to dismiss his counsel before trial, but he chose not to do so. *Faretta v. California*, . . . is, therefore, inapplicable to the present case.
>
> II
>
> As to the appellant's contention that a mistrial should have been declared, we hold that one cannot purposefully create grounds for a mistrial by deliberately causing a disturbance during the trial. Such a conclusion is obviously necessary, otherwise a defendant faced with imminent conviction could disrupt the trial, prejudice himself in the jury's eyes and, therefore, be entitled to another trial.
>
> We will not condone such and thus will not allow a defendant to benefit from his own misconduct in the courtroom. The trial judge here acted in a judicious and completely proper manner, and we find no error on his part in denying the motion for a mistrial.

*Id*. at 1143 (internal citations omitted). The Alabama Supreme Court denied Hayes' petition for writ of certiorari on January 7, 1977. *Ex parte Hayes*, 340 So.2d 1144 (Ala. 1977).

   3. Hayes was paroled on March 20, 1989. (Doc. 6, Exhibit RX-1, REPORT OF PAROLE VIOLATION) On November 16, 2006, Hayes was

arrested as a parole violator based upon allegations that on November 11, 2006, he committed a second-degree assault on John Garry Small and that on November 15, 2006 he failed to promptly and truthfully answer all inquiries directed by his parole officer. (*Id.* at 1-2; *compare id. with* Doc. 1, at 14) Parole Court was held in petitioner's case before a hearing officer on December 22, 2006 in Mobile, Alabama; the hearing officer determined that charge # 1 (assault in the second degree) had been proven to his reasonable satisfaction and, therefore, he recommended revocation of parole. (*See* Doc. 6, Exhibit RX-1, ACTION OF THE BOARD SUBSEQUENT TO PAROLE COURT) On March 26, 2007, petitioner was declared delinquent by the Alabama Board of Pardons and Paroles on the basis of committing a new offense (assault in the second degree) as well as for failing to promptly and truthfully answer all inquiries directed by his parole officer. (*See* Doc. 6, Exhibit RX-1, DECLARATION OF DELINQUENCY)[2] The Alabama Board of Pardons and Paroles revoked Hayes' parole on April 9, 2007. (Doc. 6, Exhibit RX-1, ACTION OF THE BOARD SUBSEQUENT TO PAROLE COURT)

---

[2] The Alabama Board of Pardons and Paroles authorized issuance of an arrest warrant on March 21, 2007. (Doc. 6, Exhibit RX-1, AUTHORIZATION TO ISSUE WARRANT FOR PAROLED PRISONER)

4.      On April 13, 2007, petitioner was indicted for the second-degree assault of John Garry Small. (Doc. 6, Exhibit RX-4) This charge was dismissed without prejudice on March 17, 2008. (*See id.*)

5.      Hayes sought no further relief in the state courts of Alabama following the revocation of his parole. Instead, he filed a habeas corpus petition in this Court on March 19, 2009. (*See* Doc. 1, at 13) While petitioner suggests that he is attacking the assault charge, he also admits he was never convicted of assault (Doc. 1, at 2); therefore, it is clear that Hayes' sole attack is upon the revocation of his parole based upon the assault charge and, to a lesser extent, his underlying original conviction for first-degree murder (*see id.* at 14).

> 1. During the January 7 & 8, 1976 trial of Arthur Bernard Hayes . . . Honorable Charles A. Graddick was the District Attorney of Mobile County Alabama, the late Robert Hodnette was the presiding judge, and the defense attorney for Hayes was Donald E. Brutkiewicz, Sr. Found guilty. Sentence: Life. 2. Each man of law named in 1 knew that, due to the Preston vs. Mandeville ruling, Hayes was "harmfully injured" (unbeknownst to him) by the grand and petit jury selection system designed deliberately to establish, maintain, and perpetuate white supremacy, and as such, Hayes, a known pro civil/human rights advocate, was denied his "fundamental right" (being a black man) to legal/unbias[ed]/racism-free grand and petit juries of untainted peer polls. 3. Each man of law named in 1 knew that, due to fatal Preston flaws, tainted post/pre/and pending cases were routinely returned for proper indictment, and/or dismissed on motion. 4. Each man of law named in 1 was compelled to alert

> Hayes of the Preston "poisons" but, in Bad faith: each stood silent, and, as said in this appeal by Attorney David A. Bagwell: "(you have knowingly) walked this case over the cliff" and rather than directly respond and correct the errors yourself (Mr. Graddick) said: "Let's see what the appeals court say". 5. Each man of law named in 1 is a white male. "Justice" for Hayes is too looong (sic) overdue[.] 6. On November 16, 2006, after unmarred parole, "under duress", for over 17 years & 7 months, Hayes was arrested by his last parole officer of less than 1 year, Mr. Jody Highfield (a white male), and charged (under color of law) assault #1 (of a white male) CC07-1241 and caged in Mobile County Metro Jail suicide ward where he was tortious (sic) denied adequate access to writing material and telephone to hire "effective" preliminary and trial counsels of his choice; subjected to attack by demented (?) inmate conspicuously celled (planted?) next to Hayes 3 times; and total denial of Metro Jail pro se legal research due to Averment 7[.] 7. From before November 16, 2006–to–and after March 17, 2008 all law books were removed from the Mobile Jail law library due to Order of Honorable Charles A. Graddick, Judge. 8. On March 17, 2008, Hayes, after rejecting a coercive steer to "cop" to a lesser offense in the court of Honorable Robert Smith, was blessed with a dismissed (sic) "with prejudice". 9. Authorities have had Hayes exiled over 2 years and 2 months to places of cruel torment in constant peril of life/limb/liberty, double jeopardy under color of law and negligence by persons in authority.

(*Id.*) It is clear from petitioner's allegations, therefore, that he is attacking his underlying murder conviction as well as the revocation of his parole.[3]

    6.       The respondent answered the present petition on May 29, 2009.

---

[3] The undersigned views petitioner's citation to the assault charge, not as a direct attack thereon (which it could not be since Hayes has never been convicted of assault), but, rather, as his way of pointing out that his parole was improperly revoked on the basis of that charge.

7

(Doc. 6) Petitioner's reply, filed July 20, 2009, reads, in relevant part as follows:

> Re Answer: 1. Respondent [is in] error in claim[ing] that Hayes did not exhaust State remedies. See Arthur Bernard Hayes, Petitioner v. State of Alabama, Joseph A. Oliver, Warden, et al, Respondents. No. 79-0572-C. United States District Court, S.D. Alabama May 19[,] 1983. Donald J. Stewart for Petitioner. Charles A. Graddick (again?!), Atty. Gen. of Alabama for Respondents; Arthur Bernard Hayes, Petitioner v. Michael V. Mignano, Jr.[,] 467 US 1243, 82 L Ed 2d 825, 104 S Ct 3517. June 11, 1984, etc.
>
> 2. Petition by Hayes is of acceptable merit and timely due to, among grounds, the fact he has been and is being subjected to **ONGOING/NONSTOP** violations of his Constitutional rights from the indictment on May 23[,] 1975 (and before) to trial on January 7-8[,] 1976 to entire time (over 12 years) in prison to **DURESS** parole guidelines he was compelled to accept and sign or remain in prison under an unfair life sentence to 17 years and 8 months of unmarred parole to this date in which he is being held in prison subjected to double jeopardy and cruel punishment by persons in authority acting under color of law.

(Doc. 10)[4]

---

[4] In his reply, petitioner also requests that the undersigned reconsider the order of June 16, 2009 denying his motion for release on personal recognizance without surety. (Doc. 10; *compare id. with* Doc. 8 (order denying release)) This portion of the reply is **DENIED**. Again, Hayes has not established sufficient cause to order his release pending a final judgment in this matter.

## CONCLUSIONS OF LAW

**A.     Statute of Limitations.**

1.     The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied sub nom. Wilcox v. Moore*, 531 U.S. 840, 121 S.Ct. 103, 148 L.Ed.2d 62 (2000).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim

>or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    2.    Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and therefore, the timeliness of Hayes' petition must be calculated under § 2244(d)(1)(A) based upon the date on which his first-degree murder conviction became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is applicable in this case since Hayes' conviction became final on or about April 7, 1977, that is, ninety days after the Alabama Supreme Court denied petitioner's (direct appeal) petition for writ of certiorari. *See, e.g., Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) ("Appellant was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him

by the Florida Supreme Court. Sup.Ct.R. 13.1. The statute of limitations under 28 U.S.C. § 2244(d) should not have begun to run until this 90-day window had expired. Appellant's state judgment became final on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing. The statute of limitations should have begun to run, therefore, on March 17, 1997."). Accordingly, Hayes' limitations period commenced on April 24, 1996 and expired on April 23, 1997, *see Guenther, supra*, 173 F.3d at 1331, almost twelve years before he filed the instant § 2254 application.

        3.      Hayes is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"); *cf. Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed,

following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes."), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129, 148 L.Ed.2d 995 (2001), because he filed no state collateral attacks on his conviction and sentence. In fact, petitioner makes no argument that § 2244(d)(2) is applicable in this case.

       4.     Recent decisions of the Eleventh Circuit have clearly embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that

"extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Calderon v. United States District Court for the Central District of California*, 128 F.3d 1283, 1288 (9th Cir. 1997) ("Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."), *cert. denied*, 522 U.S. 1099, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998) and *cert. denied sub nom. Beeler v. Calderon*, 523 U.S. 1061, 118 S.Ct. 1389, 140 L.Ed.2d 648 (1998).

     5.    In this case, petitioner has not established that the instant habeas corpus petition was timely filed nor has he established that extraordinary circumstances and due diligence counsel equitable tolling of the limitations period. *See Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) ("'The

burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner[.]'"). Petitioner makes no argument that he was ignorant of the one-year limitations period. It is apparent to the undersigned that nothing other than petitioner's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition. Hayes was paroled in March of 1989, seven years before the one-year statute of limitations commenced, and, therefore, he easily could have challenged the "grand and petit jury selection system[s]" utilized in Mobile County at the time of his conviction had he exercised due diligence. This is simply not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period.[5]

---

[5] Alternatively, to the extent Hayes correctly states that he previously attacked his 1976 conviction in this Court (*see* Doc. 10 (citing to case number 79-0572-C)), the instant attack is due to be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther, supra*, 173 F.3d at 1330, quoting 28 U.S.C. § 2244(b)(3)(A). By petitioner's own admission (Doc. 10), the instant petition, filed on March 26, 2009 pursuant to 28 U.S.C. § 2254, is clearly a successive petition, yet there is nothing to indicate that petitioner has filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider this petition. Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this successive habeas petition this Court lacks jurisdiction to consider Hayes' request for relief. *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997).

### B.  Exhaustion of State Remedies.

6.  It is apparent to the undersigned that while petitioner is attacking the very validity of his January 1976 first-degree murder conviction and sentence, his primary attack is upon the revocation of his parole. The undersigned finds that petitioner has not exhausted his state remedies with respect to his implicit contention that he is being improperly imprisoned for violating his parole in light of the fact that the April 13, 2007 second-degree assault indictment was dismissed.

7.  A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has a right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted).  "Because the exhaustion doctrine is designed to give the state courts a full and fair

---

The undersigned recommends that this Court dismiss Hayes' present habeas petition due to his failure to comply with § 2244(b)(3)(A), rather than transfer same to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 1631, *compare Guenther, supra*, 173 F.3d at 1330-1331 (refusing to decide whether § 1631 authorizes a transfer) *with In re Green*, 215 F.3d 1195, 1196 (11th Cir. 2000) (implicitly recognizing that § 1631 authorizes a transfer), because his petition, as previously indicated, "in addition to being second or successive, [is] indisputably time-barred." *Guenther*, 173 F.3d at 1331.

opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845, 119 S.Ct. at 1732; *see Thomas v. Crosby*, 371 F.3d 782, 813 (11th Cir. 2004) (Tjoflat, C.J., concurring specially) ("While a prisoner is not obligated to seek every conceivable extraordinary writ available in state court, he must at the very least afford the state 'a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . [by] invoking one complete round of the State's established appellate review process.'"), *cert. denied,* 543 U.S. 1063, 125 S.Ct. 888, 160 L.Ed.2d 793 (2005).

    8.    A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id.* (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be

considered unless 'there are special and important reasons therefor[.]'" *Id.* (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982).

        9.       The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the

case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under Fay v. Noia, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

    10.    In this case, while petitioner has responded to the answer of the respondent (Doc. 10), he has done nothing to establish that he has either exhausted his state remedies regarding the revocation of his parole[6] or that it would be futile to require him to exhaust those remedies.[7] Accordingly, it is the undersigned's opinion that petitioner be required to exhaust his state remedies, and thereby give all of Alabama's state courts one full opportunity to resolve the constitutional issues he might possess regarding the revocation

---

[6]    In his reply (Doc. 10), petitioner's exhaustion argument centers solely upon the steps he took to seek habeas relief in this Court in 1979 following his underlying 1976 first-degree murder conviction.

[7]    Alabama law is clear that "[a] petition for a writ of certiorari filed in the circuit court is the proper method to challenge a ruling of the Alabama Board of Pardons and Paroles." *Johnson v. State*, 729 So.2d 897, 898 (Ala.Crim.App. 1997). It is of no small importance that the respondent has represented to this Court that "[t]here appears to be no statutory time bar for the filing of the petition for writ of certiorari in the state circuit court." (Doc. 6, at 6) Petitioner, therefore, has an adequate state remedy, a remedy which the respondent and the State of Alabama cannot now argue in good faith that Hayes is untimely in pursuing. (*Id.*)

of his parole, by invoking one complete round of the State's established review process.

## **CONCLUSION**

The Magistrate Judge recommends that the instant petition be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d) to the extent that this petition constitutes Hayes' attempt to attack his underlying January 8, 1976 first-degree murder conviction or, alternatively, that same be dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A). To the extent, however, that the petition can be read as attacking the March, 2007 revocation of petitioner's parole, this cause is due to be dismissed, without prejudice, to allow petitioner the opportunity to fully exhaust his state court remedies.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 23rd day of July, 2009.

      s/WILLIAM E. CASSADY     
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

20